**STATE of Minnesota, Respondent,**

v.

**Louella Mae Martineau SMITH, Appellant.**

**No. C5–85–1051.**

Court of Appeals of Minnesota.

Feb. 4, 1986.

Hubert H. Humphrey, III, Atty. Gen., Paul R. Kempainen, Sp. Asst. Atty. Gen., St. Paul, Marvin Ketola, Carlton County Atty., Carlton, for respondent.

C. Paul Jones, Public Defender, Mark F. Anderson, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by WOZNIAK, P.J., and FORSBERG and NIERENGARTEN, JJ., with oral argument waived.

## OPINION

FORSBERG, Judge.

Louella Martineau Smith appeals from a conviction of theft, Minn.Stat. § 609.52, subds. 2(1) and 3(2). She contends that: (1) the trial court erred in admitting statements she made to a police officer; (2) there was insufficient evidence to support the jury's verdict of guilty; and (3) she is entitled to a new trial on the basis of newly discovered evidence.

## FACTS

Smith was convicted by a Carlton County District Court jury of stealing $397 worth of merchandise from the Johnson Company store in Cloquet, Minnesota. The main issue at trial was the identity of the thief.

Dale Crocker, the store manager, testified that on November 24, 1984, he was alerted by a sales clerk that a customer had seen two women shoplifting. When he went to investigate, he saw Smith heading out the door with a large bag. He followed and caught up to her just outside the store.

When Crocker grabbed Smith's jacket, she swung the bag and hit him, knocking his glasses to the ground. Crocker told Smith that he knew who she was and that he was not going to try to restrain her further; she then left, leaving the bag behind. The bag was found to contain merchandise worth $397.

Crocker identified Smith as the thief, both in a photo lineup and at trial. He said that he knew Smith because she had grown up in Cloquet and frequently shopped at the store. Crocker has worked for the Johnson Company since 1947.

A sales clerk identified Smith as the shoplifter, but said that her appearance at trial was different because her hair was shorter and she was wearing glasses. Another customer who knew appellant testified that she saw her in the store shortly before the theft and talked with her briefly.

The state sought to admit statements that appellant made to a police officer. The officer testified that he read her a *Miranda* warning and she made several incriminating statements about the theft. Appellant admitted she agreed to talk with the officer and was not forced to make any

statements. The trial court found that the statements were constitutionally obtained and admissible.

Appellant testified that she had been shopping in the store on November 24, 1984, with three friends. She denied that she was the woman who took the bag of merchandise, and claimed that she walked out the front door of the store with the three women. Appellant remembered talking to the police officer, but said "he made up a lot of those things." She admitted that she had been convicted in 1982 of assault and arson.

The three women also testified on Smith's behalf. They all said that Smith had been with them and they had not seen her steal anything. All the women said that they left the store together.

The jury found Smith guilty of theft and also found by special verdict that the value of the stolen goods was more than $250 and less than $2500.

Appellant then brought a motion for a new trial, primarily on the grounds that her sister had confessed that she was the shoplifter. The motion was supported by the sister's affidavit admitting the crime. The state contended that the sister had been in the courtroom during the trial but was not identified by any witness and the new evidence would not have changed the jury's verdict.

The trial court found the sister's affidavit was "doubtful" because she was related to Smith, was a juvenile, had been in the courtroom when Smith was identified as the thief, and there was no other evidence that she had been at the store on the day of the theft. The motion for a new trial was denied.

## ISSUES

1. Did the trial court err in admitting appellant's statements to police?

2. Was there sufficient evidence to support the verdict?

3. Did the trial court abuse its discretion in denying appellant's motion for a new trial on the basis of newly discovered evidence?

## ANALYSIS

1. Appellant contends that police violated her sixth amendment right to counsel by questioning her in the absence of counsel. There is no dispute that her right to counsel had attached. *See Brewer v. Williams,* 430 U.S. 387, 97 S.Ct. 1232, 51 L.Ed.2d 424 (1977).

A showing that a *Miranda* warning was given is sufficient to show waiver of a defendant's right to counsel. *State v. Kivimaki,* 345 N.W.2d 759 (Minn.1984); *State v. Heidelberger,* 353 N.W.2d 582 (Minn.Ct. App.1984), *pet. for review denied* (Minn. Sept. 12, 1984).

Appellant does not dispute that she was twice informed of her rights and willingly talked to police. We conclude that appellant waived her right to counsel by agreeing to talk with the police officer after he gave her a *Miranda* warning.

2. Our review of the record discloses more than sufficient evidence for the jury to reasonably conclude that appellant was guilty of theft. *See State v. Merrill,* 274 N.W.2d 99 (Minn.1978).

3. A new trial may be granted on the basis of newly discovered evidence. Minn.R.Crim.P. 26.04, subd. 1(1)(5) (1985). The decision whether to grant a new trial based upon newly discovered evidence rests with the trial court and will not be disturbed unless there is an abuse of discretion. *Berry v. State,* 364 N.W.2d 795, 796 (Minn.1985). A new trial may be granted if it is shown that:

> the evidence could not have been discovered through the exercise of due diligence before the trial; that at the time of trial the evidence was not within [appellant's] or his counsel's knowledge; that the evidence is not impeaching, cumulative, or doubtful; and that it would probably produce a result different from or more favorable than that which actually occurred.

*Id.* (quoting *State v. Caldwell,* 322 N.W.2d 574, 588 (Minn.1982)). Appellant

claims that her sister's affidavit meets this standard. We disagree.

The trial court denied the motion for a new trial because it found that the affidavit was doubtful, would not have produced a different result at trial, and there was no other evidence that the sister was even at the store at the time of the crime. This ruling was proper and within the trial court's discretion.

### DECISION

The trial court did not err in admitting appellant's statements to police because she had waived her sixth amendment rights. There was sufficient evidence to support the jury's guilty verdict. The trial court did not abuse its discretion in denying appellant's motion for a new trial based on newly discovered evidence.

Affirmed.